DEBORAH M. SMITH
Acting United States Attorney

JAMES BARKELEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone:  (907) 271-3699
Fax:   (907) 271-1500
Email: jim.barkeley@usdoj.gov
Alaska Bar No. 8306019

STEVEN E. SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone:  (907) 271-5071
Fax:   (907) 271-1500
Email: steven.skrocki@usdoj.gov
Alaska Bar No. 0108051

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | **VERIFIED COMPLAINT FOR** |
| | ) | **FORFEITURE** |
| v. | ) | |
| | ) | |
| ONE AERO VODOCHODY | ) | |
| ALBATROS L-39 AIRCRAFT, TAIL | ) | |
| NUMBER N405ZA, SERIAL | ) | |
| NUMBER 332647; | ) | |
| | ) | |
| ONE AERO VODOCHODY | ) | |
| ALBATROS L-39 AIRCRAFT, TAIL | ) | |

| | |
|---|---|
| NUMBER N394ZA, SERIAL NUMBER 132033; | ) ) |
| | ) |
| ONE AERO VODOCHODY ALBATROS L-39 AIRCRAFT, TAIL NUMBER NX150XX, SERIAL NUMBER 031617; | ) ) ) ) |
| | ) |
| ONE AERO VODOCHODY ALBATROS L-39 AIRCRAFT, TAIL NUMBER NX397ZA, SERIAL NUMBER 232412; | ) ) ) ) |
| | ) |
| ONE AERO VODOCHODY ALBATROS L-39 AIRCRAFT, TAIL NUMBER NX50XX, SERIAL NUMBER 931331; | ) ) ) ) |
| | ) |
| ONE AERO VODOCHODY ALBATROS L-39 AIRCRAFT, TAIL NUMBER N120SW, SERIAL NUMBER 633911; | ) ) ) ) |
| | ) |
| ONE AERO VODOCHODY ALBATROS L-39 AIRCRAFT, TAIL NUMBER NX44307, SERIAL NUMBER 432917; and | ) ) ) ) |
| | ) |
| ONE AERO VODOCHODY ALBATROS L-39 AIRCRAFT, TAIL NUMBER NX61XX, SERIAL NUMBER 332520; | ) ) ) ) |
| | ) |
| Defendants. | ) ) |

COMES NOW Plaintiff United States of America, by and through counsel, and respectfully states as follows:

I.

1.    This is a civil action in rem brought for the forfeiture of the eight above-named defendants in rem Czechoslovakian-made former Soviet-bloc fighter jets, and to enforce the provisions of 19 U.S.C. § 1595a (facilitation of unlawful importation) and 49 U.S.C. § 80303 (aircraft used in connection with contraband).  Specifically, the United States alleges that the defendants in rem were used to facilitate the interstate transportation of, the possession of, and the importation of "destructive devices" as defined at 26 U.S.C. §§ 5845(a)(8) and (f), in violation of 18 U.S.C. § 922(a)(4), 26 U.S.C. §§ 5861(b), 5861(d), 5861(j) and 5861(k), which "destructive devices" also constitute "merchandise introduced contrary to law" pursuant to 19 U.S.C. 1595a(c)(1) and "contraband" pursuant to 49 U.S.C. § 80302(a)(2). Thus, said aircraft were used to facilitate the transportation, concealment, receipt, possession, purchase, and sale of said rocket pod launchers, in violation of 49 U.S.C. § 80302(b)(3), and are subject to forfeiture pursuant to 49 U.S.C. § 80303 and 19 U.S.C. § 1595a(c).

II.

2.    This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355.  This is a forfeiture proceeding brought pursuant to 19 U.S.C. § 1595a(c) and 49 U.S.C. § 80303.

3.    Venue is proper pursuant to 28 U.S.C. § 1395, in that the Defendants were seized, are located, and will remain during the pendency of these proceedings, within the District of Alaska and within the jurisdiction of this Court.

III.

4.   The Defendants were seized pursuant to seizure warrants issued on February 3, 2006.  See In the Matter of the Seizure of 7 Fighter Jets, Case No. 3:06-mj-022-JDR, and In the Matter of the Seizure of One Fighter Jet, Case No. 3:06-mj-023-JDR.  Because the combined value of the aircraft exceeds $500,000.00, the United States must proceed with a judicial forfeiture in this case.  See 18 U.S.C. § 981(d); 19 U.S.C. § 1607(a).

IV.

5.   On February 2, 2006, during the execution of two search warrants (Case Nos. 3:06-mj-009-JDR and 3:06-mj-017BJDR) at 801 E. Cope Industrial Way, Palmer, Alaska, which included the search of an aircraft hangar, the defendants in rem were discovered in the possession and/or control of Security Aviation, Inc., Regional Protective Services, Inc., and High Security Aviation, Inc.  Law enforcement officers also discovered two UB16 x 573 mm rocket pod launchers.  One rocket pod launcher, bearing the number 454079, was located in a second-story warehouse section within the hangar building.  The other rocket pod launcher, bearing the number 462017, was located in a crate in a first-floor equipment storage room.

6.   Both rocket pod launchers constitute contraband "destructive devices" as referenced in 26 U.S.C. §§ 5845(a)(8) and (f), and 5861, and 18 U.S.C. § 922(a)(4).  In particular, the rocket pod launchers are fully compatible with the universal wing pylons designed for, and in many instances already attached to, the eight defendants in rem L-39 aircraft which were located in the Palmer and Anchorage Security Aviation hangars on

February 2, 2006. No other aircraft located in those hangars, were susceptible of use in conjunction with the two discovered rocket pod launchers.

7. Importation requirements for such rocket pod launchers require that they be destroyed, or de-militarized, (commonly referred to as "de-mil'd") upon attempted entry to the United States, so they cannot be used as rocket pod launchers. Neither of the two rocket pod launchers discovered at the hangars of Security Aviation was destroyed, or de-militarized, and thus, both were still fully functional as "destructive devices". Although permits are available for the static display of properly destroyed, or de-militarized, rocket pod launchers, no permits would have been issued by the United States for the fully functional rocket pod launchers seized from the premises of Security Aviation's hangar. Furthermore, these rocket pod launchers could not have been lawfully imported into the United States in such condition.

8. Some of the wing pylons compatible with the rocket pod launchers were already attached to the wings of several of the defendants in rem jet aircraft. One or more of the eight defendants in rem L-39 aircraft appear to have fully functional weapons delivery systems, or such systems (designed to be used in conjunction with the rocket pod launchers in launching rockets) which are easily rendered operational.

9. In addition, Security Aviation, Inc. had placed a $1500 deposit on purchasing two additional rocket pod launchers.

10. The opinion of Bureau Alcohol, Tobacco and Firearms ("ATF") Firearms Enforcement Officer Earl L. Griffith is that the two rocket pod launchers discovered in the Security Aviation hangar at 801 E. Cope Industrial Way, Palmer, AK, constitute functional "destructive devices" as defined at 26 U.S.C. § 5845(a)(8) and (f), in violation of 26 U.S.C. § 5861(b), (d), (j) and (k), which "destructive devices" constitute "merchandise introduced contrary to law" pursuant to 19 U.S.C. § 1595a(c)(1)(C) and "contraband" pursuant to 49 U.S.C. § 80302(a)(2) and 49 U.S.C. § 80303.

11. Security Aviation, Inc. ordered and purchased the unlawful contraband rocket pod launchers use in connection with the defendants in rem eight fighter aircraft.

12. Robert F. Kane told more than one witness that Kane intended to use the rocket pod launchers for firing rockets, including specifically for firing rockets from airborne L-39 aircraft.

13. Robert F. Kane and Security Aviation caused the interstate transportation of the rocket pod launchers to Alaska from outside the state.

## FIRST CLAIM FOR RELIEF

14. The rocket pod launchers are articles of merchandise which were introduced into the United States contrary to law, pursuant to 19 U.S.C. § 1595a(a) and (c).

15. Because the defendants in rem aircraft constitute aircraft which were used, and intended for use, and facilitated and intended to facilitate, in any way, the importation, bringing in, unlading, landing, concealing, harboring, and subsequent transportation of the

rocket pod launchers, they are subject to forfeiture to the United States pursuant to 19 U.S.C. § 1595a(c).

## SECOND CLAIM FOR RELIEF

16.     The rocket pod launchers are "contraband" under 49 U.S.C. § 80302(a)(2), as "destructive devices."

17.     Because the defendants in rem aircraft were used to facilitate the transportation, concealment, receipt, possession, purchase, sale, exchange, or giving away of the rocket pod launchers, in violation of 49 U.S.C. § 80302(b)(3), they are subject to forfeiture to the United States pursuant to 49 U.S.C. § 80303.

WHEREFORE, Plaintiff United States of America prays that:

A.     Warrants of Arrest In Rem issue for the arrest of the eight Defendants in rem jet fighter planes described as:

   ONE AERO VODOCHODY ALBATROS L-39 AIRCRAFT, TAIL NUMBER N405ZA, SERIAL NUMBER 332647;

   ONE AERO VODOCHODY ALBATROS L-39 AIRCRAFT, TAIL NUMBER N394ZA, SERIAL NUMBER 132033;

   ONE AERO VODOCHODY ALBATROS L-39 AIRCRAFT, TAIL NUMBER NX150XX, SERIAL NUMBER 031617;

   ONE AERO VODOCHODY ALBATROS L-39 AIRCRAFT, TAIL NUMBER NX397ZA, SERIAL NUMBER 232412;

   ONE AERO VODOCHODY ALBATROS L-39 AIRCRAFT, TAIL NUMBER NX50XX, SERIAL NUMBER 931331;

ONE AERO VODOCHODY ALBATROS L-39 AIRCRAFT, TAIL NUMBER N120SW, SERIAL NUMBER 633911;

ONE AERO VODOCHODY ALBATROS L-39 AIRCRAFT, TAIL NUMBER NX44307, SERIAL NUMBER 432917; and

ONE AERO VODOCHODY ALBATROS L-39 AIRCRAFT, TAIL NUMBER NX61XX, SERIAL NUMBER 332520;

B.   That due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

//

//

//

    C.    That judgment be entered declaring the Defendants <u>in rem</u> eight fighter aircraft be forfeited to the United States of America for disposition according to law; and

    D.    That the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

DATED this <u>10</u>th day of March, 2006 in Anchorage, Alaska.

> DEBORAH M. SMITH
> Acting United States Attorney
>
> s/James Barkeley
> JAMES BARKELEY
> Assistant U.S. Attorney
> Federal Building & U.S. Courthouse
> 222 W. 7th Avenue, #9, Room 253
> Anchorage, AK 99513-7567
> Phone: (907) 271-3699
> Fax: (907) 271-1500
> Email: jim.barkeley@usdoj.gov
> Alaska Bar No. 8306019
>
> s/Steven E. Skrocki
> STEVEN E. SKROCKI
> Assistant U.S. Attorney
> Federal Building & U.S. Courthouse
> 222 W. 7th Avenue, #9, Room 253
> Anchorage, AK 99513-7567
> Phone: (907) 271-5071
> Fax: (907) 271-1500
> Email: steven.skrocki@usdoj.gov
> Alaska Bar No. 0108051

## VERIFICATION

I have read the contents of the foregoing Complaint for Forfeiture, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on this 9th day of March, 2006.

_____
SA MATTHEW P. CAMPE
Federal Bureau of Investigation

Subscribed and sworn to before me on this 9th day of March, 2006.

_____
NOTARY PUBLIC, State of Alaska
My commission expires 10/26/2007

[Notary Seal: KRISTINE L. O'NEILL, NOTARY PUBLIC, STATE OF ALASKA, 10-26-2007]

**CERTIFICATE OF SERVICE**

I declare under penalty of perjury that a true and correct copy of the foregoing VERIFIED COMPLAINT FOR FORFEITURE and accompanying PRAECIPE and proposed IN REM WARRANT OF ARREST were sent via Certified U.S. Mail, Return Receipt Requested, this 10th day of March, 2006, to:

Robert Bundy

Kevin Fitzgerald

Paul Stockler

Louise Ma
Two Embarcadero Center
Eighth Floor
San Francisco, CA 94111

Bernd Rehn
Ingenieurburo Dipl.-Ing. B. Rehn
Doberschutz/Am Loschteich 3/6
02694 Malschwitz
Germany

Mira Slovak
MS Aviation, Inc.
6926 Skyline Drive
Delray Beach, FL 33446


s/James Barkeley