DEBORAH M. SMITH
Acting United States Attorney

JAMES BARKELEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone:  (907) 271-3699
Fax:   (907) 271-1500
Email: jim.barkeley@usdoj.gov
Alaska Bar No. 8306019

STEVEN E. SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone:  (907) 271-5071
Fax:   (907) 271-1500
Email: steven.skrocki@usdoj.gov
Alaska Bar No. 0108051

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | **IN REM WARRANT OF ARREST** |
| | ) | |
| v. | ) | |
| | ) | |
| ONE AERO VODOCHODY | ) | |
| ALBATROS L-39 AIRCRAFT, TAIL | ) | |
| NUMBER N405ZA, SERIAL | ) | |
| NUMBER 332647; | ) | |
| | ) | |
| ONE AERO VODOCHODY | ) | |
| ALBATROS L-39 AIRCRAFT, TAIL | ) | |
| NUMBER N394ZA, SERIAL | ) | |
| NUMBER 132033; | ) | |

|  |  |
|---|---|
| ONE AERO VODOCHODY ALBATROS L-39 AIRCRAFT, TAIL NUMBER NX150XX, SERIAL NUMBER 031617; | ) ) ) ) ) |
| ONE AERO VODOCHODY ALBATROS L-39 AIRCRAFT, TAIL NUMBER NX397ZA, SERIAL NUMBER 232412; | ) ) ) ) ) |
| ONE AERO VODOCHODY ALBATROS L-39 AIRCRAFT, TAIL NUMBER NX50XX, SERIAL NUMBER 931331; | ) ) ) ) ) |
| ONE AERO VODOCHODY ALBATROS L-39 AIRCRAFT, TAIL NUMBER N120SW, SERIAL NUMBER 633911; | ) ) ) ) ) |
| ONE AERO VODOCHODY ALBATROS L-39 AIRCRAFT, TAIL NUMBER NX44307, SERIAL NUMBER 432917; and | ) ) ) ) ) |
| ONE AERO VODOCHODY ALBATROS L-39 AIRCRAFT, TAIL NUMBER NX61XX, SERIAL NUMBER 332520; | ) ) ) ) ) |
| Defendants. | ) ) ) |

**TO:   THE UNITED STATES MARSHALS SERVICE FOR THE DISTRICT OF ALASKA**:

WHEREAS, a Verified Complaint for Forfeiture was filed in the United States District Court for the District of Alaska, alleging that the above-captioned Defendant property ("Defendant Fighter Jets") constitute property which facilitated violations of certain federal

laws involving contraband "destructive devices" (including the rocket pod launchers described in the Verified Complaint for Forfeiture) and are therefore subject to civil forfeiture pursuant to 19 U.S.C. § 1595a (facilitation of unlawful importation) and 49 U.S.C. § 80303 (aircraft used in connection with contraband). Specifically, the United States alleges that the defendants in rem were used to facilitate the interstate transportation of, the possession of, and the importation of "destructive devices" (the rocket pod launchers) as defined at 26 U.S.C. §§ 5845(a)(8) and (f), in violation of 18 U.S.C. § 922(a)(4), 26 U.S.C. §§ 5861(b), 5861(d), 5861(j) and 5861(k), which "destructive devices" also constitute "merchandise introduced contrary to law" pursuant to 19 U.S.C. 1595a(c)(1) and "contraband" pursuant to 49 U.S.C. § 80302(a)(2). The United States also alleges that the aircraft were used to facilitate the transportation, concealment, receipt, possession, purchase, and sale of said rocket pod launchers, in violation of 49 U.S.C. § 80302(b)(3), and are subject to forfeiture pursuant to 49 U.S.C. § 80303 and 19 U.S.C. § 1595a(c).

      AND, the Court being satisfied that based upon the Verified Complaint for Forfeiture and upon the seizure warrants issued on February 3, 2006. See In the Matter of the Seizure of 7 Fighter Jets, Case No. 3:06-mj-022-JDR, and In the Matter of the Seizure of One Fighter Jet, Case No. 3:06-mj-023-JDR, there is probable cause to believe that the above-described Defendant Fighter Jets constitute property which facilitated violations of certain federal laws involving contraband "destructive devices" (including the rocket pod launchers described in the Verified Complaint for Forfeiture) and are therefore subject to civil forfeiture pursuant to 19 U.S.C. § 1595a (facilitation of unlawful importation) and 49 U.S.C. § 80303 (aircraft

used in connection with contraband). Specifically, the United States alleges that the defendants in rem were used to facilitate the interstate transportation of, the possession of, and the importation of "destructive devices" (the rocket pod launchers) as defined at 26 U.S.C. §§ 5845(a)(8) and (f), in violation of 18 U.S.C. § 922(a)(4), 26 U.S.C. §§ 5861(b), 5861(d), 5861(j) and 5861(k), which "destructive devices" also constitute "merchandise introduced contrary to law" pursuant to 19 U.S.C. 1595a(c)(1) and "contraband" pursuant to 49 U.S.C. § 80302(a)(2). The United States also alleges that the aircraft were used to facilitate the transportation, concealment, receipt, possession, purchase, and sale of said rocket pod launchers, in violation of 49 U.S.C. § 80302(b)(3), and are subject to forfeiture pursuant to 49 U.S.C. § 80303 and 19 U.S.C. § 1595a(c). Finally, the United States alleges that the defendant fighter jets are subject to arrest and forfeiture under the foregoing statutory authorities and that grounds for application for issuance of a warrant of arrest in rem exist, title having vested in the United States by operation of law. 21 U.S.C. § 881(h); 18 U.S.C. § 981(f).

YOU ARE, THEREFORE, HEREBY COMMANDED to arrest said Defendant Fighter Jets.

YOU ARE FURTHER ORDERED to maintain custody of said Defendant Fighter Jets as provided by 21 U.S.C. §§ 853 and 881 and 19 U.S.C. §1605 until further order of this Court, respecting the same. The United States Marshals Service shall use its discretion and whatever means appropriate to protect, maintain and exercise dominion and control over said Defendant Fighter Jets, and to bring them before this Court pursuant to 28 U.S.C. § 1355(d).

YOU ARE ALSO COMMANDED to serve upon the owner of record of the Defendant Fighter Jets, a copy of this Warrant in a manner consistent with the principles of service of process of an action in rem under the Supplemental Rules For Certain Admiralty and Maritime Claims, and the Federal Rules of Civil Procedure, within a reasonable time of arrest.  AND UPON APPLICATION of the Plaintiff, United States of America, and pursuant to the All Writs Act, 28 U.S.C. § 1651(a), the Court shall issue any order necessary to effectuate and prevent the frustration of the execution of this Warrant.

YOU ARE ALSO COMMANDED to give due notice to all persons and entities having an interest in the Defendant Fighter Jets under arrest by publication in a newspaper of general circulation in the judicial district where the Defendant Fighter Jets were arrested.

A RETURN of this Warrant shall be promptly made to the Court identifying the individuals upon whom copies were served and the manner employed, and a statement as to the satisfaction of the orders herein issued.

All persons claiming an interest in said Defendant Fighter Jets must file a verified statement identifying the interest or right with the Clerk of Court, United States District Court, District of Alaska, 222 West 7th Avenue, #4, Anchorage, Alaska, 99513-7564, within 30 days after the earlier of receiving actual notice of execution of process or completed publication of notice, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.  Also pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, persons claiming an interest in said Defendant Fighter Jets shall serve and file their answers within 20 days after the filing of the statement of interest

with the Clerk of Court, United States District Court, with a copy thereof sent to Assistant United States Attorney James Barkeley, United States Attorney's Office, 222 West 7th Avenue, #9, Room 253, Anchorage, Alaska 99513-7567.

Additional procedures and regulations regarding this forfeiture action are found at 19 U.S.C. §§ 1602–1619, and Title 21, United States Code of Federal Regulations, Sections 1316.71–1316.18.

DATED this ___ day of March, 2006 in Anchorage, Alaska.

_____
UNITED STATES DISTRICT JUDGE